UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1310 L Street NW, 7th Floor<br>Washington, DC 20005<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>      Defendant. | Civil Action No. 17-2076 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant UNITED STATES DEPARTMENT OF JUSTICE ("DoJ"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), to compel production in response to a FOIA request seeking information relating to the use of a false-identity email account by the then-Attorney General.

2. The use by government officials of private or false identity email accounts for official correspondence is the subject of great public and media interest.[1]

---

[1] *See Competitive Enterprise Institute v. E.P.A.*, 12 F.Supp.3d 100, 107 (D.D.C. 2014), involving a request seeking records from an account used by former EPA Administrator Lisa Jackson using the name "Richard Windsor" ("It turns out that Administrator Jackson was not the only EPA official who used an alternative email address, which has raised questions about the agency's compliance with federal record-keeping laws as well as the completeness of its responses to certain FOIA requests."), *citing, e.g.,* Senate Environment and Public Works Comm., Minority Report, *A Call for Sunshine: EPA's FOIA and Federal Records Failures Uncovered* (Sept. 9, 2013) at 8-12. *See also* Stephen Dinan, *Jackson Pressed on Email: New Questions About Private Account at EPA*, Washington Times, Aug. 16, 2013, at A4 ("Christopher Horner, a researcher affiliated with the Competitive Enterprise Institute, uncovered a secondary official government address Ms. Jackson used under the alias 'Richard Windsor.'"); Michelle Malkin, *The White House's Audacity of Opacity,* Dayton Daily News, June 7, 2013 ("Chris Horner, Competitive Enterprise

1

3. Plaintiff CEI sought certain described records sent to or from an email account in the name of "Elizabeth Carlisle" after DoJ filings in another matter revealed that was an account used by former Attorney General Loretta Lynch.

4. Plaintiff requested emails between "Elizabeth Carlisle" and U.S. Senator Sheldon Whitehouse, as well as emails to or from "Elizabeth Carlisle" containing the terms "Sen. Whitehouse," "Senator Whitehouse," or "RICO," dating from March 1, 2016, through January 20, 2017.

5. DoJ has failed to provide plaintiff the requisite indication the Department is processing or intends to process plaintiff's request, as required by FOIA, and as articulated by this Court in *CREW v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), such that, within the statutory deadline of 20 working days, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."

## PARTIES

6. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

7. Defendant Justice Department is a federal agency headquartered in Washington, DC.

---

Institute fellow and author of 'The Liberal War on Transparency,' first exposed former EPA Chief Lisa Jackson's Internet alter ego, "Richard Windsor," last year."); Peter Roff, *Blocking Obama's EPA Nomination Is Not Just OK--It's Necessary*, U.S. News & World Report, March 5, 2013; Kyle Smith, *Hide & Sneak*, New York Post, Jan. 6, 2013, at 23; David Boyer, *Carney Says Secret Email 'Makes Sense,'*, Washington Times, June 5, 2013, at A4 (this account and the administrator's "practice" of using secret email address to conduct government business were "uncovered" by "Christopher Horner, the researcher and senior fellow at the Competitive Enterprise Institute").

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

9. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant DoJ is a federal agency.

**FACTUAL BACKGROUND**
**Plaintiff's FOIA request for certain Agency records relating to former Attorney General Lynch's "Elizabeth Carlisle" Email account**

10. On August 8, 2017, CEI requested copies of described documentation in DoJ's possession relating to a recently revealed email account not identifying the user, who was the Attorney General of the United States, Loretta Lynch.

11. Plaintiff noted in its request a colloquy between former Attorney General Lynch and Sen. Sheldon Whitehouse at a March 2016 hearing of the Senate Committee on the Judiciary addressing Justice Department Operations, in which Ms. Lynch, responding to Sen. Whitehouse's question about using the Racketeer Influenced and Corrupt Organizations Act, or RICO, against political opponents of the 'climate' agenda, stated: "This matter has been discussed. We have received information about it and have referred it to the FBI to consider whether or not it meets the criteria for which we could take action on."

12. Plaintiff also noted in its request, "This is a Justice Management Division email account. As DoJ's website states, 'The Justice Management Division (JMD), under the direction of the Assistant Attorney General for Administration.' As such, the likely custodian of these records is JMD/the Office of the Assistant Attorney General for Administration; however, given that the party assigned the account was the Attorney General, that

jmd.usdoj.gov is a common domain for DoJ officials across the agency, and that this falls under the purview of the Office of Public Information — which likely has taken some steps related to these records since its existence was revealed, or known internally to be soon revealed — we do not limit our request to JMD files in the event DoJ has taken steps to locate those records or copies of those records elsewhere. What we seek are the records as very specifically described herein, and we suggest that DoJ first search JMD/Office of the Assistant Attorney General for Administration files."

13. DoJ acknowledged plaintiff's request, assigning it tracking number 2017-005939, stating however that "This response is made on behalf of the Office of the Attorney General."

14. DoJ failed to respond to plaintiff's requests in the alternative for fee waiver, on the public interest basis and, in the alternative, on plaintiff's status as a media outlet as determined by the federal government for FOIA purposes. DoJ stated instead "We have not yet made a decision on your request for a fee waiver."

15. FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, that the agency intends to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

16. DoJ owed such a determination to plaintiff on or before September 6, 2017.

17. DoJ has not provided that required determination in response to plaintiff's request.

18. Defendant DoJ is thereby improperly denying plaintiff access to public records in violation of FOIA.

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

19. Plaintiff re-alleges paragraphs 1-18 as if fully set out herein.

20. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

21. Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

22. Plaintiff is not required to further pursue administrative remedies.

23. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to their FOIA request described above, and any attachments thereto, but DoJ failed to provide them;

    b. DoJ's response to plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy DoJ's obligations under FOIA;

    c. DoJ must now produce records responsive to plaintiff's request.

### SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

24. Plaintiff re-alleges paragraphs 1-23 as if fully set out herein.

25. Plaintiff is entitled to injunctive relief compelling DoJ to produce responsive records.

26. This Court should enter an injunction ordering DoJ to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA request described above, and any attachments thereto.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

27. Plaintiff re-alleges paragraphs 1-26 as if fully set out herein.

28. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

29. This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 5th day of October, 2017,

        /s/ Hans Bader
Hans Bader
D.C. Bar No. 466545
hans.bader@cei.org
Sam Kazman
D.C. Bar No. 946376
sam.kazman@cei.org
Competitive Enterprise Institute
1310 L Street NW, 7th Floor
Washington, DC 20006
(202) 331-1010

Christopher C. Horner
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458

Attorneys for Plaintiff