# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE | ) |
| | ) |
| Plaintiff, | ) Civil Action |
| | )     No. 17-2076 (JEB) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF COMPETITIVE ENTERPRISE INSTITUTE MOTION FOR DEFAULT JUDGMENT AGAINST UNITED STATES DEPARTMENT OF JUSTICE

Plaintiff Competitive Enterprise Institute respectfully moves the Court to enter a default judgment against defendant United States Department of Justice pursuant to Fed. R. Civ. P. 55(b)(2).

The Competitive Enterprise Institute commenced this action on October 5, 2017. (Docket No. 1.) The complaint alleged that the Department of Justice (DoJ) had failed to provide plaintiff the required indication that it is processing or intends to process plaintiff's request, as required by the Freedom of Information Act (FOIA), 5 U.S.C. § 502.

FOIA requires that within 20 working days of receiving a request for records, an agency must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency

plans to withhold under any FOIA exemptions." *CREW v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013). CEI served the complaint and summons on the United States Attorney via certified mail on October 10, 2017. (Docket No. 7.)[1] The summons was received by the United States Attorney's office on October 16, 2017. (Id.) According to Fed. R. Civ. P. 5(b)(2)(C), "service is complete upon mailing." FOIA gives the U.S. Attorney 30 days to respond to the complaint. 5 U.S.C. 552(a)(4)(C).

Three additional days are added to this under Fed. R. Civ. P. 6(d) when service is by mail. This 33-day period ended on November 12, a Sunday, which meant that DoJ's response was due by Monday, November 13, 2017.

It is now November 22, 2017. Not only has DoJ failed to respond to the complaint; it has not even entered its appearance. Under these circumstances, a default judgment is warranted.

## ARGUMENT

## I.    STANDARD OF REVIEW

On a motion for default judgment under Fed. R. Civ. P. Rule 55(b)(2), normally a "defaulting defendant is deemed to admit every well-pleaded allegation

---

[1] The docket entry incorrectly shows 10/16/2017 as the service executed date. It was actually executed as of 10/10/2017 as shown on the underlying document in Docket No. 7, that is the day it was sent which completes service. October 16 was the date it was received. However, even considering 10/16/2017 as the completion of service, the DoJ response would still not be timely.

in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. Newburgh Glass & Glazing, LLC*, 468 F. Supp. 2d 215, 217 (D.D.C. 2007); *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002); *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). "A default judgment, however, does not automatically establish liability in the amount claimed by the plaintiff." *Int'l Painters & Allied Trades Indus. Pension Fund v. Newburgh Glass & Glazing, LLC*, 468 F. Supp. 2d 215, 217 (D.D.C. 2007). "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

Because, in this case, the defendant is an agency of the United States there is an additional requirement under Rule 55(d), that "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." According to the Ninth Circuit (prior to the 2007 amendments which omitted Rule 55(d) and changed Rule 55(e) to Rule 55(d)):

In the case of an ordinary default judgment where the plaintiff has the burden of proof, the effect of rule 55(e) is not especially onerous, because the plaintiff need only present enough of the evidence she has

marshalled for trial to satisfy the judge that her claim has some factual basis.

*Giampaoli v. Califano*, 628 F.2d 1190, 1195 (9th Cir. 1980).

In this case, presenting a *prima facie* case is made easier because under FOIA "the burden is on the agency to sustain its action." 5 U.S.C. § 552(4)(B). CEI simply needs to demonstrate that the FOIA request was submitted and that it did not receive a reply as FOIA requires.

## II. DOJ FAILED TO PRODUCE DOCUMENTS REQUIRED BY FOIA, AND IT FAILED TO MAKE ANY RESPONSE (LET ALONE A TIMELY RESPONSE) IN THIS CASE

On August 8, 2017, CEI requested emails from DoJ between an account in the name of "Elizabeth Carlisle" and U.S. Senator Sheldon Whitehouse. The name "Elizabeth Carlisle" is an alias for an email account used by former Attorney General Loretta Lynch while in office.  CEI requested emails to or from "Elizabeth Carlisle" containing the terms "Sen. Whitehouse," "Senator Whitehouse," or "RICO," dating from March 1, 2016, through January 20, 2017. See Exhibit B for an affidavit from Sam Kazman stating that the FOIA request in Exhibit A was sent to the DoJ on August 8, 2017.

DoJ acknowledged that the FOIA request had been received, and assigned it tracking number 2017-005939. As for CEI's fee waiver request, DoJ stated that it had "not yet made a decision."

FOIA requires that the agency inform the requester, within 20 days, that it intends to comply with the request and to "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" that is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013). DoJ had until August 28, 2017 to provide such a determination. See the attached affidavit in Exhibit B from Sam Kazman, stating that CEI has not received such a determination as of November 22, 2017 (well after the 20-day time limit expired) and that it has not received any documents responsive to its FOIA request.

Having failed to receive a response within the 20-day time limit under FOIA, CEI filed this action pursuant to 5 U.S.C. § 552(4)(B).

Not only did DoJ fail to respond to the FOIA request within the statutory deadline, it also failed to file any response whatsoever to the complaint. FOIA requires that "[n]otwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(4)(C). DoJ has failed to timely appear; in fact, to date it has not entered any appearance whatsoever.

CEI served the complaint and summons on the United States Attorney via certified mail on October 10, 2017. (Docket No. 7.) The summons was received by the United States Attorney's office on October 16, 2017. (Docket No. 7.) FOIA gives the U.S. Attorney 30 days to answer or plead the complaint. 5 U.S.C. 552(a)(4)(C).

Fed. R. Civ. P. 6(a)(1) determines how to count days in this case:

(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

    (A) exclude the day of the event that triggers the period;

    (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

    (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Additionally, Fed. R. Civ. P. 6(d) provides for three additional days to respond when service is by mail. DoJ thus had a total of 33 days from the mailing of service (not including the date sent). That period ended on November 12, 2017, but because that is a Sunday, the response was in fact due on November 13, 2017.

This motion is being filed on November 21, 2017, more than a week after DoJ's response was due.

As to attorney fees, the FOIA recognizes that the "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(4)(E)(i). CEI respectfully requests reasonable attorney fees and costs in this case.

## III.   CONCLUSION

For the foregoing reasons, CEI moves the Court to enter final judgment against the defendant:

(1) entering a declaratory judgment that

(a) the plaintiff is entitled to the responsive records;

(b) DoJ's response to plaintiff's FOIA request is not in accordance with the law, and does not satisfy DoJ's obligations under FOIA;

(c) DoJ must produce records responsive to plaintiff's request, waiving any fees.

(2) An injunctive order that DoJ produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA request described above, and any attachments thereto.

(3) An injunction ordering the defendant to pay reasonable attorney fees and

other litigation costs reasonably incurred in this case.

A proposed judgment is attached to this motion.


Dated: Nov. 22, 2017                 Respectfully submitted,

                                   /s/ Sam Kazman_____
                                   Sam Kazman
                                       (D.C. Bar No. 946376)
                                       sam.kazman@cei.org
                                   Devin Watkins
                                       (*application for admission pending*)
                                   devin.watkins@cei.org
                                   Competitive Enterprise Institute
                                   1310 L Street, NW, 7$^h$ Floor
                                   Washington, D.C. 20005
                                   (202) 331-1010

                                   Christopher C. Horner
                                   D.C. Bar No. 440107
                                   chris@chornerlaw.com
                                   1489 Kinross Lane
                                   Keswick, VA 22947
                                   (202) 262-4458

                                   *Counsel for Plaintiff*